PITMAN, J.,
dissents.
hfil respectfully dissent. In 1986, the Louisiana Supreme Court decided the case of Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). This decision set out standards for changing custody after a considered decree:
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden,of proving that.the- continuation of the present custody is so deleterious to the child as to justify a modification of .the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
This rule was further explained in Mulkey v. Mulkey, 12-2709 (La. 5/7/13), 118 So.3d 357:
Thus, when- a party seeks to change custody rendered in a considered decree, the proponent of the change must not only show that a. change of circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody, but he or she must also meet the burden of proof set forth in Bergeron.
In the case sub judice, the trial court changed custody after a considered decree without an.analysis required by Bergeron, supra, and Mulkey, supra. For this reason, I must dissent. I believe this matter should be reversed and remanded in accordance with these decisions.